UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN M. VINCENT,

                        Plaintiff,

                                                                             DECISION AND ORDER

                                                                             08-CV-6074L

                      v.

BRUCE YELICH, et al.,

                        Defendants.
_____

       Plaintiff, Shawn M. Vincent, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. The complaint, which was filed here in the Western District of New York ("Western District") on February 19, 2008, states that plaintiff is in the custody of the New York State Department of Correctional Services ("DOCS"), and that he is incarcerated at Bare Hill Correctional Facility ("Bare Hill") in Malone, New York. Bare Hill is located in the Northern District of New York ("Northern District").

       Defendants, who at all relevant times were DOCS employees and officials either at Bare Hill or in Albany, have moved to dismiss the complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative to transfer this action to the Northern District. Plaintiff opposes the motion, stating in his response that he now resides in the Western

District–specifically, in Buffalo–and that it would be a hardship for him to have to litigate this case in the Northern District.[1]

Defendants' motion is granted. Venue in this action is governed by 28 U.S.C. § 1391(b), which provides that

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

None of those three criteria exist here. All the defendants "reside," for venue purposes, in the Northern District. *See Amador v. Superintendents of DOCS*, No. 03 Civ. 0650, 2005 WL 2234050, at *6 (S.D.N.Y. Sept. 13, 2005) ("For venue purposes, 'state officials against whom actions are brought for their official acts reside in the district where they perform their official duties'") (quoting *Baker v. Coughlin*, No. 93 Civ. 1084, 1993 WL 356852, at *2 (S.D.N.Y. Sept. 9, 1993)). The events giving rise to plaintiff's claims occurred in the Northern District. Subsection (3), on its face, applies only "if there is no district in which the action may otherwise be brought," and is therefore inapplicable here.

It is clear, then, that this action is improperly venued in the Western District. The next question concerns the proper remedy.

"When a plaintiff files an action laying venue in the wrong district, the court shall either dismiss the action or transfer the action to the appropriate district. 28 U.S.C. § 1406(a). The court

---

[1] The DOCS inmate lookup web site, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff was discharged from Bare Hill at the expiration of his sentence on July 31, 2008.

has discretion over whether to dismiss the action or to transfer the action "in the interests of justice." *Gamble*, 2006 WL 1763680, at *2 (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).[2]

In the case at bar, I believe that the best course of action is to transfer this action to the Northern District. *See Gamble*, 2006 WL 1763680, at *2 ("In this case, I find that the proper procedure would be to transfer this action to the Western District, the only district where this case could have been brought"). Although plaintiff contends that it would be a hardship for him to travel to the Northern District from Buffalo, it is unlikely that he would be required to travel there frequently, particularly given the availability of telephone conferencing and other time- and travel-saving conveniences. In any event, the Court cannot ignore or override the clear requirements of the venue statute simply to make it easier for plaintiff to litigate this case.

## CONCLUSION

Defendants' motion to dismiss this case for improper venue, or in the alternative to transfer venue (Dkt. #12) is granted, and this action is transferred to the United States District Court for the Northern District of New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 15, 2009.

---

[2] Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."